UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AGRIZAP, INC.,<br>Plaintiff,<br>v.<br>WOODSTREAM CORP., et al.,<br>Defendants. | Civil Action No. 04-CV-03925-RK |

## ANSWER AND COUNTERCLAIM

Defendant Woodstream Corporation ("Woodstream"), by its undersigned counsel, hereby answers the First Amended Complaint ("Complaint") of Plaintiff Agrizap, Inc. ("Agrizap"), and expressly states that to the extent, if any, that any allegation of any paragraph of the Complaint is not specifically admitted or otherwise responded to, it is denied.

## ANSWER

1. Woodstream admits that it is a Pennsylvania corporation having its principal place of business in Lititz, PA, and that the parties are citizens of different states for diversity purposes. Woodstream otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint and, accordingly, denies them.

2. Woodstream admits that this case is purportedly brought under the patent laws of the United States and that the Court has jurisdiction of matters relating thereto. Woodstream denies that it has done anything that would implicate or violate those laws.

3. Woodstream denies the allegations of paragraph 3 of the Complaint.

4. Woodstream admits that Agrizap purports to sue under U.S. Patent No. 5,949,636 ("the '636 patent"), which was issued on September 7, 1999. Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and accordingly denies the same.

5. Woodstream admits that it is a Pennsylvania corporation and that it sells products under the trademarks and/ or trade names "Victor®," "Victor Pest" and "Victor Pest Control," among others.

6. Woodstream admits that Agrizap purports to sue Does 1 through 10, none of whom have yet been identified. Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint and accordingly denies the same.

7. Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and accordingly denies the same.

8. Woodstream admits that Agrizap manufactures and sells an electronic rodent control product called "Rat Zapper"; that the '636 patent issued on September 7, 1999; that the Rat Zapper has a plastic canister, metal plate and circuit board, and uses an electronic charge to kill a rodent; and that Woodstream marketed an electronic rodent control device in 2003. Woodstream denies the remaining allegations of paragraph 8 of the Complaint.

9. Woodstream admits that the parties communicated in 2000 about a business relationship whereby Agrizap would supply Rat Zappers under the "Victor®" label and that in September 2000 Agrizap began filling purchase orders from Woodstream for such products at

prices previously agreed upon, which Woodstream resold in California and elsewhere. Woodstream denies the remaining allegations of paragraph 9 of the Complaint.

10. Woodstream admits that pursuant to various purchase orders Agrizap supplied private label Victor® Rat Zappers during 2000-2003 having a total wholesale dollar value of approximately $225,000. Woodstream denies the remaining allegations of paragraph 10 of the Complaint.

11. Woodstream admits that during 2000 it requested a third party manufacturer with whom it had an existing business relationship to analyze the cost structure of the Rat Zapper; and that Woodstream received a email from Agrizap on or after August 15, 2000, the contents of which speak for themselves. Woodstream denies the remaining allegations of paragraph 11 of the Complaint.

12. Woodstream admits that it explained to Agrizap the true reason why it had requested a third party manufacturer to analyze the Rat Zapper, *i.e.*, in order to better understand its cost structure in light of Agrizap's representations concerning its own costs and the wholesale price at which it could offer to sell the product. Woodstream denies the remaining allegations of paragraph 12 of the Complaint.

13. Woodstream admits the allegations of paragraph 13 of the Complaint except denies that it sold the Victor® brand product only to retail hardware warehouses and states that it lacks knowledge or information sufficient to form a belief as to the number of hardware stores or their size supplied by Ace Hardware and True Value.

14. Woodstream admits that in 2003 it began producing and distributing an electronic rodent control product known as the "Victor® Electronic Mouse Trap"; and Woodstream's

patent counsel truthfully denied in a letter to Agrizap that this product infringed the '636 Patent. Woodstream denies the remaining allegations of paragraph 14 of the Complaint.

15. Woodstream admits that it manufactures and distributes an electronic rat trap and that Orchard Supply Hardware is one of its customers. Woodstream denies the remaining allegations of paragraph 15 of the Complaint.

16. Woodstream denies the allegations of paragraph 16 of the Complaint.

17. Woodstream incorporates by reference its responses to paragraphs 1 through 16 as set forth above.

18. Woodstream denies that its conduct violates either the letter or spirit of the provisions of the California Business and Professions Code that Agrizap cites and specifically denies that it engaged in the conduct alleged in paragraph 18(a) through (f) of the Complaint and denies that such conduct, even if engaged in, violates the Code.

19. Woodstream denies the allegations of paragraph 19 of the Complaint.

20. Woodstream denies the allegations of paragraph 20 of the Complaint.

21. Woodstream denies that Agrizap is entitled to an injunction. Woodstream denies the remaining allegations of paragraph 21 of the Complaint.

22. Woodstream denies that Agrizap is entitled to recovery of attorney's fees.

23. Woodstream denies that Agrizap is entitled to restitution.

24. Woodstream incorporates by reference its responses to paragraphs 1 through 23 as set forth above.

25. Woodstream denies the allegations of paragraph 25 of the Complaint.

26. Woodstream denies the allegations of paragraph 26 of the Complaint.

27. Woodstream denies the allegations of paragraph 27 of the Complaint.

28. Woodstream denies that Agrizap has been damaged or is entitled to an injunction, and otherwise denies the remaining allegations of paragraph 28 of the Complaint.

29. Woodstream incorporates by reference its responses to paragraphs 1 through 28 as set forth above.

30. Woodstream admits that it sent a letter to Agrizap in response to an earlier letter from Agrizap alleging infringement, the contents of which letters speak for themselves. Woodstream denies the remaining allegations of paragraph 30 of the Complaint.

31. Woodstream denies the allegations of paragraph 31 of the Complaint except admits that it has known of the existence of the '636 patent since approximately the time of receipt of the letter from Agrizap's counsel alleged in paragraph 30.

32. Woodstream admits that it refused Agrizap's demand to cease selling Woodstream-produced electronic rodent control products. Woodstream denies the remaining allegations of paragraph 32 of the Complaint.

33. Woodstream denies the allegations of paragraph 33 of the Complaint.

34. Woodstream denies that Agrizap is entitled to an injunction, an accounting and/ or an assessment of interest and costs.

35. Woodstream incorporates by reference its responses to paragraphs 1 through 34 as set forth above.

36. Woodstream denies the allegations of paragraph 36 of the Complaint.

37. Woodstream denies the allegations of paragraph 37 of the Complaint, except as admitted above in the responses to paragraphs 12 and 30 of the Complaint.

38. Woodstream denies the allegations of paragraph 38 of the Complaint.

39. Woodstream denies the allegations of paragraph 39 of the Complaint.

40. Woodstream denies the allegations of paragraph 40 of the Complaint.

41. Woodstream denies the allegations of paragraph 41 of the Complaint.

42. Woodstream denies that Agrizap is entitled to an injunction. Woodstream denies the remaining allegations of paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint for breach of contract is barred by the applicable statute of frauds.

### Third Affirmative Defense

The Complaint for breach of contract is barred for failure of consideration.

### Fourth Affirmative Defense

The Complaint for damages for breach of contract is barred by Agrizap's failure to mitigate its damages.

### Fifth Affirmative Defense

The Complaint is barred in part by the economic loss rule.

### Sixth Affirmative Defense

The Complaint is barred in whole or in part by equitable principles including the doctrines of estoppel, waiver and/ or acquiescence.

### Seventh Affirmative Defense

The Complaint is barred in whole or in part by the applicable statute of limitations.

**Eighth Affirmative Defense**

Woodstream has not and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the ‘636 Patent.

**Ninth Affirmative Defense**

By reason of proceedings in the U.S. Patent and Trademark Office in connection with the prosecution of the patent application which matured into the '636 patent, and the admissions and representations made therein by and on behalf of the patent applicant, as well as by reason of the prior art, the '636 patent is so limited that Agrizap is estopped from maintaining and asserting a construction for the '636 patent such that any of its claims can be construed to cover or embrace anything sold, offered for sale and/or imported into the United States by Woodstream. The prior art to be relied upon in support of Woodstream’s defense of invalidity and non-infringement will be identified pursuant to notice under 35 U.S.C. § 282.

**Tenth Affirmative Defense**

Upon information and belief, the claims of the ‘636 patent are invalid for failure to comply with the requirements of the patent laws of the United States specified in Title 35 of the United States Code, including but not limited to sections 101, 102, 103 and 112 thereof.

**Eleventh Affirmative Defense**

The Complaint is barred in whole or in part by equitable principles including the doctrine of unclean hands and/ or patent misuse because Agrizap is seeking to enforce a patent which, upon information and belief, Agrizap knows or should know to be invalid, void, unenforceable and/or not infringed.

## Twelfth Affirmative Defense

The filing and maintenance of this action for patent infringement is unjustified, vexatious, and done in bad faith, thus making this an exceptional case under 35 U.S.C. § 285 for which Woodstream is entitled to an award of attorneys' fees.

WHEREFORE, having fully answered, Defendant Woodstream prays:

A. That the Complaint herein be dismissed with prejudice and that the Agrizap take nothing by its Complaint;

B. That Woodstream be found not to have violated any of the provisions of law set forth in the Complaint;

C. That Woodstream be awarded its costs and expenses, including reasonable attorneys' fees necessitated by the defense of this action; and

D. That the Court grant Woodstream such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Woodstream hereby asserts its counterclaims against Agrizap seeking a declaratory judgment that it does not infringe any valid or enforceable claim of the '636 patent.

1. Woodstream is a Pennsylvania corporation having its principal place of business at Lititz, PA.

2. Agrizap is a California corporation having its principal place of business at Ventura, CA.

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1338(a).

4. The manufacture, use, offer for sale, and sale of the Woodstream-produced electronic rodent control products, including its Victor® Electronic Rat Trap and Victor® Electronic Mouse Trap, did not, does not and will not infringe any valid and enforceable claim of the '636 patent, literally or under the doctrine of equivalents.

5. Woodstream's activities in connection with the sale and marketing of its Victor® Electronic Rat Trap and Victor® Electronic Mouse Trap did not, does not and will not constitute contributory infringement, or induce the infringement, of the '636 patent.

6. By reason of Agrizap's assertion herein of a claim of infringement of the '636 patent, an actual controversy exists between Woodstream and Agrizap as to whether the '636 patent is valid and/or infringed.

7. Woodstream is entitled to a declaratory judgment that the '636 patent in suit is invalid, void and unenforceable for the reasons set forth in Woodstream's Answer to the Complaint hereinabove.

8. Woodstream is entitled to a declaratory judgment that Woodstream does not infringe the '636 patent, either directly or as a contributory or inducing infringer.

WHEREFORE, Woodstream prays that the Court:

A. Order, adjudge and decree that U.S. Patent No. 5,949,636 is invalid, void and unenforceable;

B. Order, adjudge and decree that Woodstream, including its directors, officers and employees, and agents, past and present, has not and does not infringe any claim of U.S. Patent No. 5,949,636;

C. Award Woodstream its costs and attorney's fees; and

D. Grant to Woodstream such other and further relief as the Court deems just and proper.

Respectfully submitted,

Theodore H. Jobes
(P.A. Attorney I.D. No. 62165)
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
Tel.: (215) 299-2000
Fax: (215) 299-2150

Of Counsel:

Philip L. O'Neill
Harvey B. Jacobson
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 638-6666
Fax: (202) 393-5350

Attorneys for Woodstream Corp.

Dated: January 26, 2005

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2005, I caused a true and correct copy of the foregoing ANSWER AND COUNTERCLAIM to be served by first-class mail, postage prepaid, upon counsel for Plaintiff Agrizap, Inc., addressed as follows:

Kate M. Neiswender
Law Offices of KM Neiswender
P.O. Box 24617
Ventura, CA 93002

Thomas S. Farnish, Esquire
Larrimore & Farnish, L.L.P.
1800 J.F.K. Boulevard – Suite 500
Philadelphia, PA 19103

Theodore H. Jobes