## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
AGRIZAP, INC.,                          :        CIVIL ACTION
                                        :
        Plaintiff,            :
                                        :
     v.                        :        No. 04-3925
                                        :
WOODSTREAM CORPORATION, et al.,         :
                                        :
        Defendants.           :
_____:

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                           **JULY  28, 2005**

      Presently pending before this Court is Defendant's, Woodstream Corporation

("Woodstream"), Cross-Motion for a Protective Order.  For the following reasons, Woodstream's

Cross-Motion will be granted.

## I.      BACKGROUND

      Plaintiff, Agrizap, Inc. ("Agrizap") filed its Second Amended Complaint on April

5, 2005.  The Second Amended Complaint contains the following five counts:  Violation of

California's Unfair Business Practices Laws & Professions Code (Count I); Breach of an Oral

Contract (Count II); Patent Infringement (Count III); Intentional Misrepresentation (Count IV);

andTrade Disparagement (Count V).

      The relationship between Agrizap and Woodstream began in 2000.  Woodstream

contacted Agrizap about the possibility of the two parties entering into a marketing agreement for

Agrizap's Rat Zapper Product.  The Rat Zapper is a consumer product that consists of a plastic

canister with a metal plate at the bottom and an electrical charge which ultimately kills the

rodent.  An oral marketing agreement was established between the two parties whereby Agrizap would manufacture and deliver Rat Zapper's to Woodstream.  The products would use Woodstream labels however.

According to the Second Amended Complaint, in early 2004, Agrizap discovered that Woodstream was manufacturing and marketing its own electronic rat trap.  Agrizap asserts that confusion in the retail market developed because of Woodstream's branding of the Agrizap Rat Zapper and because of Woodstream's newly introduced rat zappers.  Agrizap asserts that if this continued, Woodstream would effectively undermine Agrizap's ability to sell its goods in the market.

On June 8, 2005, Agrizap filed a Motion to Compel Discovery against Woodstream.[1]  Woodstream filed its response to that Motion and filed a Cross-Motion for a Protective Order on June 20, 2005.  To date, no response to Woodstream's Cross-Motion has been filed by Agrizap.[2]  Woodstream seeks a protective order because it asserts that it will be turning over highly confidential material to a competitor, namely, Agrizap as a response to Agrizap's request for documents.[3]  Specifically, Woodstream asserts that many of the documents

---

[1] Agrizap's Motion to Compel remains pending and will not be discussed in this Memorandum Opinion.

[2] As Plaintiff has failed to respond to Woodstream's Cross-Motion within the applicable time period, it is appropriate for this Court to grant the Cross-Motion as uncontested pursuant to Local Rule 7.1(c).  However, I will also discuss Woodstream's Cross-Motion on the merits.

[3] I note that in its Motion to Compel, Agrizap has sought to compel the production of these documents pursuant to its request for production of documents.  Woodstream has withheld producing all responsive documents until the issue of confidentiality and its Cross-Motion for a Protective Order is resolved.  (See Mem. Def. Woodstream Opp'n Pl.'s Mot. Compel & Supp. its Cross-Mot. Protective Order, at 3-4).

that are responsive to Agrizap's requests involve trade secrets and information relating to the development of Woodstream's rival products.  Woodstream states that these documents include methods, testing protocols and design modifications for its products.  According to Woodstream, if these documents were disclosed to its competitor, Agrizap, such a disclosure would significantly injure Woodstream's competitive position in the market.  Additionally, Woodstream asserts that other responsive documents relate to technical, financial, sales, pricing and marketing data that would also harm its competitive position in the marketplace if disclosed to Agrizap, its competitor.

Woodstream has provided this Court with a copy of its proposed protective order. The proposed protective order has three main components.  First, it provides that any document designated as confidential not be disclosed with third persons nor be used for any purpose other than this litigation.  Second, the protective order provides two levels of confidentiality, "confidential" and "highly confidential."  Documents designated by Woodstream as "confidential" can be disclosed to counsel of record, experts, company personnel and this Court. Documents designated as "highly confidential" can be disclosed only to counsel of record, experts and this Court, but not to company personnel.  Third, the proposed protective order allows a party to challenge the "confidential" or "highly confidential" designation by Motion to this Court.

## II.    STANDARD

"In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection."  Pansy v. Borough of Stroudsburg, 23 F.3d at 786 (citing FED. R. CIV. P.

3

26(c); <u>Smith v. Bic. Corp.</u>, 869 F.2d 194, 199 (3d Cir. 1989)).  "Good cause is established on a

showing that disclosure will work a clearly defined and serous injury to the party seeking

closure."  <u>Id.</u>  The United States Court of Appeals for the Third Circuit ("Third Circuit") has

enunciated a list of non-exhaustive factors that the district court can consider in determining

whether "good cause" exists.  <u>See id.</u> at 787-91.  Specifically, the list of factors includes:

1)    whether disclosure will violate any privacy interests;
2)    whether the information is being sought for a legitimate
      purpose or for an improper purpose;
3)    whether disclosure of the information will cause a party
      embarrassment;
4)    whether confidentiality is being sought over information
      important to the public health and safety;
5)    whether the sharing of information among litigants will
      promote fairness and efficiency;
6)    whether a party benefitting from the order of confidentiality
      is a public entity or official; and
7)    whether the case involves issues important to the public.

<u>Glenmade Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3d Cir. 1995)(citing <u>Pansy</u>, 23 F.3d at 787-

91).

## III.    **DISCUSSION**

        In this case, the main purpose of Woodstream's Cross-Motion is to have

conditions on the types of persons who have access to information and documents disclosed

during the course of discovery.  Indeed, the Third Circuit has stated that "[t]he most common

kind of order allowing discovery on conditions is an order limiting the persons who are to have

access to the information disclosed and the use to which these persons may put the information."

<u>Pansy</u>, 23 F.3d at 787 (internal quotation marks and citation omitted).   At the outset, I note that

the type of information seeking to be protected under the proposed protective order is of the type

that is specifically stated under the Federal Rules of Civil Procedure as being proper for

protection.  Federal Rule of Civil Procedure 26(c) specifically states that a protective order may

be issued to protect such things as trade secrets or other confidential research, development or

commercial information.  <u>See</u> FED. R. CIV. P. 26(c)(7).  Indeed, the type of documents seeking

protection falls into this category under the Rule as set out in <u>supra</u> Part II of this Memorandum.

Here, Woodstream has clear and distinct privacy interests in the trade secrets, confidential

research, development and commercial information that Agrizap seeks.  Thus, this factor weighs

in favor of granting Woodstream's Cross-Motion.

       Another key factor that this Court will consider is whether this case involves

issues important to the public.  The Third Circuit has stated that if a case

> involves issues or parties of public nature, and involves matters of
> legitimate public concern, that should be a factor weighing against
> entering or maintaining an order of confidentiality . . . . On the
> other hand, if a case involves private litigants, and concerns
> matters of little legitimate public interest, that should be a factor
> weighing in favor of granting or maintaining an order of
> confidentiality.

<u>Pansy</u>, 23 F.3d at 788 (internal citation and footnote omitted).  In the present case, neither

Agrizap nor Woodstream are public litigants.  Rather, they are two private entities.  Additionally,

the claims giving rise to this dispute between Agrizap and Woodstream do not concern matters of

public interest.  As such, this weighs in favor of granting the protective order.

       It is clear to this Court that disclosure of the certain material to Agrizap will

"work a clearly defined and serious injury to [Woodstream]."  <u>Id.</u> at 786.  The material which is

to be disclosed includes highly sensitive and confidential research, development and commercial

information that would have a significant impact if disclosed to one of Woodstream's

competitors.  As such, I find that good cause has been shown by Woodstream and its Cross-Motion for a Protective Order should be granted.

Finally, I note that the proposed protective order provides Agrizap a mechanism for which to challenge Woodstream's designation of a document as "confidential" or "highly confidential."  As set out in <u>Pansy</u>, in cases involving large-scale discovery, a court may construct a broad protective order upon a threshold showing of good cause which allows the opposing party the ability to indicate which documents are not confidential.  <u>See</u> 23 F.3d at 787 n.17.  (stating that a court can construct a broad umbrella protective order so that "after the delivery of documents, the opposing party would have the opportunity to indicate precisely which documents it believed not to be confidential, and the party seeking to maintain the seal would have the burden of proof with respect to those documents")(citation omitted).  I note that should Agrizap make such a motion to unseal, the burden of proof to maintain the seal will remain with Woodstream.  <u>See</u> <u>id.</u>

## IV.   <u>CONCLUSION</u>

I conclude that Woodstream's Cross-Motion for a Protective Order should be granted.  I have considered the list of non-exhaustive factors as set out in <u>Pansy</u>.  Specifically, I conclude that there are significant privacy interests at stake in this litigation with respect to confidential trade secrets, research, development and commercial information.  Additionally, I conclude that this case does not involve issues that implicate the public or public concerns.  Finally, the proposed protective order contains a mechanism for Agrizap to object to a confidential designation by Woodstream.

An appropriate Order granting the Cross-Motion follows as well as a copy of the

Protective Order signed by this Court.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| AGRIZAP, INC., | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 04-3925 |
|  | : |  |
| WOODSTREAM CORPORATION, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

---

## <u>ORDER</u>

**AND NOW**, this  28th   day of July, 2005, upon consideration of the Defendant's, Woodstream Corporation, Cross-Motion for a Protective Order, it is hereby **ORDERED** that the Cross-Motion is **GRANTED**.

BY THE COURT:


/s/ Robert F. Kelly
Robert F. Kelly                    Sr. J.