48

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AGRIZAP, INC.,<br>Plaintiff,<br>v.<br>WOODSTREAM CORP., et al.,<br>Defendants. | Civil Action No. 04-CV-03925-RK |

FILED
NOV 3 2005
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

**AMENDED ANSWER AND COUNTERCLAIM**

Defendant Woodstream Corporation ("Woodstream"), by its undersigned counsel, hereby answers the First Amended Complaint ("Complaint") of Plaintiff Agrizap, Inc. ("Agrizap"), and expressly states that to the extent, if any, that any allegation of any paragraph of the Complaint is not specifically admitted or otherwise responded to, it is denied.

**ANSWER**

1. Woodstream admits that it is a Pennsylvania corporation having its principal place of business in Lititz, PA, and that the parties are citizens of different states for diversity purposes. Woodstream otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Complaint and, accordingly, denies them.

2. Woodstream admits that this case is purportedly brought under the patent laws of the United States and that the Court has jurisdiction of matters relating thereto. Woodstream denies that it has done anything that would implicate or violate those laws.

3. Woodstream denies the allegations of paragraph 3 of the Complaint.

4. Woodstream admits that Agrizap purports to sue under U.S. Patent No. 5,949,636 ("the '636 patent"), which was issued on September 7, 1999. Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and accordingly denies the same.

5. Woodstream admits that it is a Pennsylvania corporation and that it sells products under the trademarks and/ or trade names "Victor®," "Victor Pest" and "Victor Pest Control," among others.

6. Woodstream admits that Agrizap purports to sue Does 1 through 10, none of whom have yet been identified. Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint and accordingly denies the same.

7. Woodstream lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and accordingly denies the same.

8. Woodstream admits that Agrizap manufactures and sells an electronic rodent control product called "Rat Zapper"; that the '636 patent issued on September 7, 1999; that the Rat Zapper has a plastic canister, metal plate and circuit board, and uses an electronic charge to kill a rodent; and that Woodstream marketed an electronic rodent control device in 2003. Woodstream denies the remaining allegations of paragraph 8 of the Complaint.

9. Woodstream admits that the parties communicated in 2000 about a business relationship whereby Agrizap would supply Rat Zappers under the "Victor®" label and that in September 2000 Agrizap began filling purchase orders from Woodstream for such products at prices previously agreed upon, which Woodstream resold in California and elsewhere. Woodstream denies the remaining allegations of paragraph 9 of the Complaint.

10. Woodstream admits that pursuant to various purchase orders Agrizap supplied private label Victor® Rat Zappers during 2000-2003 having a total wholesale dollar value of approximately $225,000. Woodstream denies the remaining allegations of paragraph 10 of the Complaint.

11. Woodstream admits that during 2000 it requested a third party manufacturer with whom it had an existing business relationship to analyze the cost structure of the Rat Zapper; and that Woodstream received a email from Agrizap on or after August 15, 2000, the contents of which speak for themselves. Woodstream denies the remaining allegations of paragraph 11 of the Complaint.

12. Woodstream admits that it explained to Agrizap the true reason why it had requested a third party manufacturer to analyze the Rat Zapper, *i.e.*, in order to better understand its cost structure in light of Agrizap's representations concerning its own costs and the wholesale price at which it could offer to sell the product. Woodstream denies the remaining allegations of paragraph 12 of the Complaint.

13. Woodstream admits the allegations of paragraph 13 of the Complaint except denies that it sold the Victor® brand product only to retail hardware warehouses and states that it

lacks knowledge or information sufficient to form a belief as to the number of hardware stores or their size supplied by Ace Hardware and True Value.

14. Woodstream admits that in 2003 it began producing and distributing an electronic rodent control product known as the "Victor® Electronic Mouse Trap"; and Woodstream's patent counsel truthfully denied in a letter to Agrizap that this product infringed the '636 Patent. Woodstream denies the remaining allegations of paragraph 14 of the Complaint.

15. Woodstream admits that it manufactures and distributes an electronic rat trap and that Orchard Supply Hardware is one of its customers. Woodstream denies the remaining allegations of paragraph 15 of the Complaint.

16. Woodstream denies the allegations of paragraph 16 of the Complaint.

17. Woodstream incorporates by reference its responses to paragraphs 1 through 16 as set forth above.

18. Woodstream denies that its conduct violates either the letter or spirit of the provisions of the California Business and Professions Code that Agrizap cites and specifically denies that it engaged in the conduct alleged in paragraph 18(a) through (f) of the Complaint and denies that such conduct, even if engaged in, violates the Code.

19. Woodstream denies the allegations of paragraph 19 of the Complaint.

20. Woodstream denies the allegations of paragraph 20 of the Complaint.

21. Woodstream denies that Agrizap is entitled to an injunction. Woodstream denies the remaining allegations of paragraph 21 of the Complaint.

22. Woodstream denies that Agrizap is entitled to recovery of attorney's fees.

23. Woodstream denies that Agrizap is entitled to restitution.

24. Woodstream incorporates by reference its responses to paragraphs 1 through 23 as set forth above.

25. Woodstream denies the allegations of paragraph 25 of the Complaint.

26. Woodstream denies the allegations of paragraph 26 of the Complaint.

27. Woodstream denies the allegations of paragraph 27 of the Complaint.

28. Woodstream denies that Agrizap has been damaged or is entitled to an injunction, and otherwise denies the remaining allegations of paragraph 28 of the Complaint.

29. Woodstream incorporates by reference its responses to paragraphs 1 through 28 as set forth above.

30. Woodstream admits that it sent a letter to Agrizap in response to an earlier letter from Agrizap alleging infringement, the contents of which letters speak for themselves. Woodstream denies the remaining allegations of paragraph 30 of the Complaint.

31. Woodstream denies the allegations of paragraph 31 of the Complaint except admits that it has known of the existence of the '636 patent since approximately the time of receipt of the letter from Agrizap's counsel alleged in paragraph 30.

32. Woodstream admits that it refused Agrizap's demand to cease selling Woodstream-produced electronic rodent control products. Woodstream denies the remaining allegations of paragraph 32 of the Complaint.

33. Woodstream denies the allegations of paragraph 33 of the Complaint.

34. Woodstream denies that Agrizap is entitled to an injunction, an accounting and/ or an assessment of interest and costs.

35. Woodstream incorporates by reference its responses to paragraphs 1 through 34 as set forth above.

36. Woodstream denies the allegations of paragraph 36 of the Complaint.

37. Woodstream denies the allegations of paragraph 37 of the Complaint, except as admitted above in the responses to paragraphs 12 and 30 of the Complaint.

38. Woodstream denies the allegations of paragraph 38 of the Complaint.

39. Woodstream denies the allegations of paragraph 39 of the Complaint.

40. Woodstream denies the allegations of paragraph 40 of the Complaint.

41. Woodstream incorporates by reference its responses to paragraphs 1 through 40 as set forth above.

42. Woodstream denies the allegations of paragraph 42 of the Complaint.

43. Woodstream denies the allegations of paragraph 43 of the Complaint.

44. Woodstream denies the allegations of paragraph 44 of the Complaint.

45. Woodstream denies the allegations of paragraph 45 of the Complaint.

46. Woodstream denies that Agrizap is entitled to an injunction. Woodstream denies the remaining allegations of paragraph 46 of the Complaint.

2005
By Dep. Clerk

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Complaint for breach of contract is barred by the applicable statute of frauds.

**Third Affirmative Defense**

The Complaint for breach of contract is barred for failure of consideration.

**Fourth Affirmative Defense**

The Complaint for damages for breach of contract is barred by Agrizap's failure to mitigate its damages.

**Fifth Affirmative Defense**

The Complaint is barred in part by the economic loss rule.

**Sixth Affirmative Defense**

The Complaint is barred in whole or in part by equitable principles including the doctrines of estoppel, waiver and/ or acquiescence.

**Seventh Affirmative Defense**

The Complaint is barred in whole or in part by the applicable statute of limitations.

**Eighth Affirmative Defense**

Woodstream has not and does not infringe, induce infringement, or contribute to the infringement of any valid and enforceable claim of the '636 Patent.

**Ninth Affirmative Defense**

By reason of proceedings in the U.S. Patent and Trademark Office in connection with the prosecution of the patent application which matured into the '636 patent, and the admissions and representations made therein by and on behalf of the patent applicant, as well as by reason of the prior art, the '636 patent is so limited that Agrizap is estopped from maintaining and asserting a

construction for the '636 patent such that any of its claims can be construed to cover or embrace anything sold, offered for sale and/or imported into the United States by Woodstream. The prior art to be relied upon in support of Woodstream's defense of invalidity and non-infringement will be identified pursuant to notice under 35 U.S.C. § 282.

**Tenth Affirmative Defense**

Upon information and belief, the claims of the '636 patent are invalid for failure to comply with the requirements of the patent laws of the United States specified in Title 35 of the United States Code, including but not limited to sections 101, 102, 103, 112 and 115 thereof. The '636 patent is invalid for incorrect inventorship by omitting Bruno A. Rist as an inventor.

**Eleventh Affirmative Defense**

The Complaint is barred in whole or in part by equitable principles including the doctrine of unclean hands and/ or patent misuse because Agrizap is seeking to enforce a patent which, upon information and belief, Agrizap knows or should know to be invalid, void, unenforceable and/or not infringed.

**Twelfth Affirmative Defense**

The filing and maintenance of this action for patent infringement is unjustified, vexatious, and done in bad faith, thus making this an exceptional case under 35 U.S.C. § 285 for which Woodstream is entitled to an award of attorneys' fees.

**Thirteenth Affirmative Defense**

The '636 patent is unenforceable for fraud and/or inequitable conduct committed by Agrizap during the prosecution of the patent before the U.S. Patent and Trademark Office ("PTO"). Agrizap caused the '636 patent to issue by erroneously changing the names of the

inventors for purposes of eliminating a material prior art patent from consideration by the PTO. Specifically,

(a) The '636 patent was granted by the PTO based upon Agrizap patent applications first filed on June 7, 1994. Agrizap named William L. Johnson, William R. Luther, and Bruno A. Rist as co-inventors. Each of these co-inventors signed Declarations affirming that they were co-inventors and each signed an Assignment assigning their rights to Agrizap.

(b) During the patent prosecution, the PTO Examiner cited Agrizap's earlier U.S. Patent No. 5,269,091 ("the '091 patent") as prior art. The named inventors on the '091 patent were William L. Johnson, William R. Luther and Robert Noe. The '091 patent, in combination with other prior art references, was cited by the PTO Examiner to reject all of the claims of the Agrizap patent application that ultimately resulted in the '636 patent.

(c) In order to overcome the prior art rejection, Agrizap willfully and erroneously sought to eliminate the '091 patent from consideration as prior art by signing and filing a false declaration. The false declaration intentionally and deceitfully changed the names of the co-inventors to remove Mr. Rist as a co-inventor and to add Mr. Noe as a co-inventor. This conversion of inventorship was done without the knowledge of Mr. Rist. By changing the names of the inventors (the "inventive entity") of the '636 patent applications to the same inventive entity as the '091 patent, the '091 patent could no longer constitute prior art under 35 U.S.C. §102

Case 2:04-cv-03925-RK Document 46 Filed 11/01/2005 Page 15 of 21

and could no longer be used by the PTO Examiner to reject the Agrizap patent applications.

(d) As a result of the erroneous conversion of inventorship, the PTO Examiner was forced to withdraw the rejection based upon the '091 patent and the '636 patent was ultimately granted.

(e) The conversion of inventorship to eliminate Bruno A. Rist as an inventor was erroneous, deceitful and in bad faith because Bruno A. Rist made a substantial and significant contribution to the subject matter of the '636 patent and was properly a co-inventor as originally named by Agrizap. The conversion of inventorship to eliminate Mr. Rist as an inventor occurred with deceptive intent because Agrizap, its principals, and its attorneys knew or should have known that Mr. Rist was, in fact and law, at least a co-inventor as a result of his significant contribution to the subject matter of the '636 patent.

**Fourteenth Affirmative Defense**

The '636 patent is unenforceable for fraud and/or inequitable conduct committed by Agrizap during the prosecution of the patent before the U.S. Patent and Trademark Office ("PTO"). Agrizap caused the '636 patent to issue by failing to disclose material prior art to the PTO. Specifically,

(a) During the prosecution of the patent applications that resulted in the '636 patent, the PTO Examiner cited Agrizap's U.S. Patent No. 5,269,091 ("the '091 patent")

Case 2:04-cv-03925-RK Document 46 Filed 11/01/2005 Page 16 of 21

as prior art. The '091 patent, in combination with other prior art references, was cited by the PTO Examiner to reject all of the claims of the pending patent applications that ultimately resulted in the '636 patent. Thus, the '091 patent was considered by the PTO Examiner to be a material prior art reference in rejecting the claims of the '636 patent.

(b) In order to overcome the rejection, Agrizap, by and through its attorneys, changed the names of the inventors of the pending patent application to be in common with the named inventors of the '091 patent, thus eliminating the '091 patent as prior art under 35 U.S.C. §102.

(c) The subject matter of the '091 patent was embodied in an Agrizap product known as the "Gopher Zapper". More than one year prior to the earliest effective filing date of the '636 patent, *i.e.,* prior to June 7, 1993, Agrizap offered the Gopher Zapper for sale, distributed product literature, and demonstrated the Gopher Zapper to the public without restriction or limitation including attendees at the Landscape Industry Show in Long Beach, California (hereafter, the "Long Beach show"). Agrizap set up a booth at the Long Beach show, which was manned by an Agrizap employee, Patrick Frape, and by William Luther, one of the inventors named on both the '091 and '636 patents. Agrizap thus knew that the Gopher Zapper was offered for sale and in public use at the Long Beach show.

(d) The Gopher Zapper product that was offered for sale and in public use at the Long Beach show was highly material prior art under 35 U.S.C. §102(b) since it paralleled the subject matter of the '091 patent which the PTO Examiner had used

Case 2:04-cv-03925-RK Document 46 Filed 11/01/2005 Page 17 of 21

to reject the '636 patent applications. Agrizap knew or should have known that the Gopher Zapper was material prior art. Yet, the Gopher Zapper on sale and public use activity was never disclosed to the PTO and was never independently discovered by the PTO Examiner. The failure to disclose the Gopher Zapper prior art activity was intentional and in bad faith. As a result of the failure to disclose the Gopher Zapper prior art activity, the '636 patent was erroneously granted.

**Fifteenth Affirmative Defense**

Defendants repeat and incorporate by reference the Thirteenth and Fourteenth Affirmative Defenses. Agrizap has engaged in a scheme to defraud the PTO by eliminating and excluding from the PTO's consideration highly material prior art in the form of the '091 patent and withholding from PTO consideration highly material prior art in the form of on sale and public use activity of its commercial product known as the Gopher Zapper. Specifically,

(a) During the prosecution of the '636 patent, the PTO Examiner cited the '091 patent as prior art, in combination with other prior art references, to reject the claims of the '636 patent applications. The subject matter of the '091 patent was highly material to the PTO Examiner and was maintained by the PTO Examiner as a principal prior art reference to reject the claims of the '636 patent applications. Only by removal of the '091 patent as prior art was Agrizap able to obtain allowance of the '636 patent.

(b) In order to remove the '091 patent from consideration by the PTO Examiner, Plaintiff Agrizap intentionally and wrongfully converted the inventorship of the

'636 patent to eliminate Bruno A. Rist as a co-inventor and to add Robert Noe as a co-inventor to ensure that the inventive entities of the '091 patent and the '636 patent applications were identical. By so doing, the '091 patent was eliminated as a prior art reference by the PTO Examiner.

(c) In parallel with such misconduct, Plaintiff Agrizap intentionally and deliberately withheld from the PTO Examiner the fact that the subject matter of the '091 patent - - the Gopher Zapper product - - had been on sale and in public use more than one year prior to the earliest effective filing date of the '636 patent. Had the PTO Examiner known of the Gopher Zapper prior art activities, the PTO Examiner would have rejected the claims of the '636 patent applications for the same reasons as was used to reject the claims when relying upon the '091 patent.

(d) The intentional, wrongful and illegal conversion of inventorship, coupled with the failure to cite the Gopher Zapper on sale and public use activity, constitutes fraud and/or inequitable conduct on the PTO.

WHEREFORE, having fully answered, Defendant Woodstream prays:

A. That the Complaint herein be dismissed with prejudice and that the Agrizap take nothing by its Complaint;

B. That Woodstream be found not to have violated any of the provisions of law set forth in the Complaint;

C. That Woodstream be awarded its costs and expenses, including reasonable attorneys' fees necessitated by the defense of this action; and

D. That the Court grant Woodstream such other and further relief as may deem just and proper.

2005 Dep. Clerk

## COUNTERCLAIM

Woodstream hereby asserts its counterclaims against Agrizap seeking a declaratory judgment that it does not infringe any valid or enforceable claim of the '636 patent.

1. Woodstream is a Pennsylvania corporation having its principal place of business at Lititz, PA.

2. Agrizap is a California corporation having its principal place of business at Ventura, CA.

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1338(a).

4. The manufacture, use, offer for sale, and sale of the Woodstream-produced electronic rodent control products, including its Victor® Electronic Rat Trap and Victor® Electronic Mouse Trap, did not, does not and will not infringe any valid and enforceable claim of the '636 patent, literally or under the doctrine of equivalents.

5. Woodstream's activities in connection with the sale and marketing of its Victor® Electronic Rat Trap and Victor® Electronic Mouse Trap did not, does not and will not constitute contributory infringement, or induce the infringement, of the '636 patent.

6. By reason of Agrizap's assertion herein of a claim of infringement of the '636 patent, an actual controversy exists between Woodstream and Agrizap as to whether the '636 patent is valid and/or infringed.

Case 2:04-cv-03925-RK Document 46 Filed 11/01/2005 Page 20 of 21

7. Woodstream is entitled to a declaratory judgment that the '636 patent in suit is invalid, void and unenforceable for the reasons set forth in Woodstream's Answer to the Complaint hereinabove.

8. Woodstream is entitled to a declaratory judgment that Woodstream does not infringe the '636 patent, either directly or as a contributory or inducing infringer.

WHEREFORE, Woodstream prays that the Court:

A. Order, adjudge and decree that U.S. Patent No. 5,949,636 is invalid, void and unenforceable;

B. Order, adjudge and decree that Woodstream, including its directors, officers and employees, and agents, past and present, has not and does not infringe any claim of U.S. Patent No. 5,949,636;

C. Award Woodstream its costs and attorney's fees; and

D. Grant to Woodstream such other and further relief as the Court deems just and proper.

Respectfully submitted,

Theodore H. Jobes
(P.A. Attorney I.D. No. 62165)
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
Tel.: (215) 299-2786
Fax: (215) 299-2150

Case 2:04-cv-03925-RK Document 46 Filed 11/01/2005 Page 21 of 21

Of Counsel:

/s/

Philip L. O'Neill
Harvey B. Jacobson
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 638-6666
Fax: (202) 393-5350

Attorneys for Woodstream Corp.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

AGRIZAP, INC.,

Plaintiff,

v.

WOODSTREAM CORP., et al.,

Defendants.

Civil Action No. 04-CV-03925-RK

**CONSENT MOTION**
**FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendant Woodstream Corporation ("Woodstream"), by counsel, and pursuant to Fed. R. Civ. P. 7(b) and 15(a), hereby moves with the consent of Plaintiff Agrizap, Inc. for an order granting leave to file an Amended Answer and Counterclaim to the Second Amended Complaint.

The proposed Amended Answer and Counterclaim affects only the previously-filed answer: it (i) modifies Woodstream's Tenth Affirmative Defense to include an additional statutory ground of patent invalidity; and (ii) adds the Thirteenth, Fourteenth and Fifteenth Affirmative Defenses which allege, respectively, that the patent in suit is unenforceable due to Agrizap's changing of inventorship, inequitable conduct and fraud on the U.S. Patent and Trademark Office. Plaintiff, through its counsel, Kate M. Neiswender, consents to the granting of this motion without admitting the validity of the foregoing grounds of defense.

The proposed Amended Answer and Counterclaim is attached hereto as Attachment 1.

Case 2:04-cv-03925-RK Document 46 Filed 11/01/2005 Page 3 of 21

WHEREFORE, for the reasons stated, Woodstream requests entry of an order granting leave to file an Amended Answer; and that the Amended Answer and Counterclaim in Attachment 1 be deemed filed and served.

Respectfully submitted,

Theodore H. Jobes
(P.A. Attorney I.D. No. 62165)
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
Tel.: (215) 299-2786
Fax: (215) 299-2150

Philip L. O'Neill
Harvey B. Jacobson, Jr.
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 638-6666
Fax: (202) 393-5350

Attorneys for Woodstream Corp.

Dated: November 1, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of November, 2005, I caused a true and correct copy of the foregoing CONSENT MOTION FOR LEAVE TO FILE AN AMENDED ANSWER to be served by first-class mail, postage prepaid, upon counsel for Plaintiff Agrizap, Inc.:

Kate M. Neiswender, Esq.
Law Offices of KM Neiswender
P.O. Box 24617
Ventura, CA 93002

Thomas S. Farnish, Esq.
Larrimore & Farnish, L.L.P.
1800 J.F.K. Boulevard - Suite 500
Philadelphia, PA 19103

Theodore H. Jobes

# ATTACHMENT "1"