IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGRIZAP, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 04-3925 |
| WOODSTREAM CORPORATION, et al., | : | |
| Defendants. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JANUARY 9, 2007**

Presently pending before this Court is Defendant Woodstream Corporation's Motion for Clarification of this Court's August 23, 2006 Memorandum Opinion ("Opinion"). That Opinion granted Woodstream's Motion for Summary Judgment for all of Plaintiff Agrizap. Inc.'s state law claims except for its fraudulent misrepresentation claim. In its Second Amended Complaint, Agrizap alleged six different fraudulent misrepresentations made by Woodstream. The issue in need of clarification is whether only one of these fraudulent misrepresentation claims survived summary judgment or whether all six of them survived. For the following reasons, only the alleged misrepresentation regarding sending the Rat Zapper overseas for cost evaluation survived summary judgment.

Woodstream seeks clarification of the following language from the Opinion:

Lastly, summary judgment will not be granted on Agrizap's intentional or fraudulent misrepresentation claim because a factual dispute exists concerning Woodstream's representation about sending the Rat Zapper overseas for cost evaluation. . . . While Agrizap alleges six different fraudulent misrepresentations in its second Amended Complaint, *at the least it can show* a factual dispute concerning Woodstream's representation about sending the Rat Zapper overseas

>for cost evaluation. Agrizap avers that "Woodstream representatives, specifically a company vice president, stated to Agrizap that he was sending the Rat Zapper to Woodstream's 'offshore' manufacturer not to clone the Rat Zapper, but to get a better idea of its costing and production challenges. In truth, Woodstream, was creating its competing and infringing product." (Agrizap's Second Am. Compl., at ¶ 37(a)). Agrizap twice asked Woodstream for assurance that sending the Rat Zapper to the overseas manufacturer was just for cost evaluation and was within the Mutual Confidentiality Agreement. (Woodstream's Mot. Partial Summ. J., Ex. E, G). Agrizap was concerned with the potential for the Rat Zapper to be cloned. (Id., at Ex. E). Woodstream's Andy Woolworth assured Agrizap that sending the Rat Zapper overseas to a third party for cost evaluation was within the terms of the Mutual Confidentiality Agreement. (Id., at Ex. G). *This is the representation at issue.*

Agrizap Inc. v. Woodstream Corp., 450 F. Supp. 2d 562, 570 (E.D. Pa. 2006) (emphasis added). None of the other five alleged misrepresentations were discussed in the Opinion.

Woodstream believes that this Court's "at the least it can show" language is perhaps ambiguous and could be incorrectly interpreted to mean that more than just the single alleged misrepresentation discussed in the Opinion is reserved for trial. According to Woodstream, if you read the Opinion in its full context, it is clear that the only alleged misrepresentation reserved for trial is the one concerning sending the Rat Zapper overseas for cost evaluation. The Opinion only discussed one misrepresentation and referred to it as the "representation at issue." Thus, the other five fraudulent misrepresentation claims were dismissed by the Opinion.

Agrizap argues that the "at the least it can show" language means that a factual dispute has been proven for at least one of the alleged misrepresentations. As the non-moving party, all Agrizap had to do was show a genuine issue of material fact on any portion of this fraudulent misrepresentation claim. Here, it believes it did so by showing a genuine issue of material fact as to the misrepresentation regarding sending the Rat Zapper overseas. Moreover, the Court cannot limit the case to only one misrepresentation because the laws of fraud and fraudulent

misrepresentation require the jury to examine the totality of the circumstances. Agrizap must be able to present to the jury all of the factual matters within this fraudulent misrepresentation claim.[1]

This Court acknowledges that the "at the least" language in the Opinion is ambiguous. The presence of these words may leave the impression that Agrizap can show evidence of the five other misrepresentations, not just the one explicitly discussed in the Opinion. In retrospect, these three words should not have been used. Without this phrase, the full context of the Opinion shows that only one alleged fraudulent misrepresentation is reserved for trial.

This Court found that there is a factual dispute over the misrepresentation regarding sending the Rat Zapper overseas for cost evaluation and stated that it "is the representation at issue." Id. The focus of the Opinion was solely on this one alleged fraudulent misrepresentation. In Agrizap's Reply Brief to Woodstream's Motion for Summary Judgment, it only directly addressed the misrepresentation concerning sending the Rat Zapper overseas. (Agrizap's Reply Br. to Woodstream's Mot. Summ. J., 30). On the contrary, Woodstream addressed each of the six alleged misrepresentations separately. (Woodstream's Mot. Summ. J., 27-33). Under the law of summary judgment, once Woodstream, the moving party, produced evidence in support of summary judgment, Agrizap, the non-moving party, had to go beyond the allegations set forth in the pleadings and counter with evidence to demonstrate that there is a genuine issue of material fact. Fed. R. Civ. P. 56(e); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358,

---

[1] Agrizap seems to be conflating all six of the alleged misrepresentations into one fraud or fraudulent misrepresentation claim against Woodstream. By discussing the totality of the circumstances, Agrizap is ignoring how each fraudulent misrepresentation needs to be proven separately. Agrizap had to show a genuine issue of material fact as to each of the six fraudulent misrepresentations it alleged.

1362-63 (3d. Cir. 1992). Thus, because Agrizap cannot rest on the mere allegations of these five other alleged misrepresentations, they did not survive summary judgment.

At the summary judgment stage, this Court has to "determine what, if any, issues of fact are present for the jury to decide." 10A, Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2712 (3d ed. 1998). Here, this Court determined there are issues of fact regarding the misrepresentation about sending the Rat Zapper overseas, but also determined there were no issues of fact regarding the remaining alleged misrepresentations. By stating that this one alleged misrepresentation was at issue and contained a factual dispute, this Court was signaling that this was the only fraudulent misrepresentation that needed to be presented to the jury. While this Court should have been more explicit in explaining the fate of those five other fraudulent misrepresentation claims, the context of the Opinion demonstrates that the fraudulent misrepresentation claim concerning sending the Rat Zapper overseas for cost evaluation is the only one to survive summary judgment.[2]

An appropriate Order follows.

---

[2] It is important to note that Agrizap discussed a number of issues in its opposition to this present Motion that were in direct contradiction to this Court's rulings in the Opinion. Agrizap repeatedly refers to how a partnership was established between the two parties and how Woodstream owed Agrizap a fiduciary duty. This Court expressly ruled in the Opinion that there was no partnership and no fiduciary relationship. See Agrizap, 450 F. Supp. 2d at 572 n.8. In addition, Agrizap discussed fraudulent misrepresentation under California law. Agrizap later stated how the laws of California and Pennsylvania with regard to fraudulent misrepresentation are nearly identical. Any discussion about California law and its similarity or not to Pennsylvania law is irrelevant. This Court expressly decided in the Opinion that the law of the forum state, Pennsylvania, applies to Agrizap's common law state law claims. See id. at 571 n.5.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGRIZAP, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 04-3925 |
| WOODSTREAM CORPORATION, et al., | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW** this 9th day of January, 2007, upon consideration of Defendant Woodstream Corporation's Motion for Clarification of the Court's Memorandum Opinion of August 23, 2006 (Doc. No. 105), and the Responses and Replies thereto, it is hereby **ORDERED** that the only fraudulent misrepresentation claim reserved for the trial under the Opinion is the one concerning sending the Rat Zapper overseas for cost evaluation.  This fraudulent misrepresentation is the one alleged in Paragraph 37(a) of Agrizap's Second Amended Complaint.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY,       Sr. J.