IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGRIZAP, INC. | : | CIVIL ACTION |
| vs. | : | |
| WOODSTREAM CORP., et al. | : | NO. 04-3925 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JANUARY 9, 2007**

On December 6, 2006, Plaintiff filed a motion to allow the late designation of an expert on damages. The Defendant opposes this request and the matter is now before the Court for decision.

On February 14, 2005, this Court adopted the scheduling order submitted by the parties. Among many other things, the order required the parties to: designate all expert witnesses by July 29, 2005; serve reports from retained experts by September 16, 2005; and closed expert discovery by December 19, 2005. Therefore, the pending request by the Plaintiff comes approximately 17 months after expert designations were due; 15 months after expert reports were due; and 12 months after the close of expert discovery.

Plaintiff had, in a timely fashion, identified a damage expert, Wayne Lorch and served his expert report on September 15, 2005. His deposition was taken on November 17, 2005. The following are excerpts from that deposition.

Q. Okay. What were you engaged to do on or about August 17?

A. To provide an opinion as to the damages of Woodstream allegedly not honoring a licensing or distribution agreement with AgriZap to distribute its product.

Lorch Dep. p. 10.

>   Q. And isn't it true that your report purports to estimate a damages -- estimate damages for breach of contract?
>
>   A. Yes.

Lorch Dep. p. 62.

>   Q. Okay. Now, do you know what damages are allowable for patent infringement?
>
>   A. I'm somewhat familiar with it.
>
>   Q. You're somewhat. Were you when you made this report?
>
>   A. Yes.
>
>   Q. Okay. What damages are allowable?
>
>   A. Are you implying that this report has damages related to the patent infringement?
>
>   Q. I'm asking you. Does it?
>
>   A. No.
>
>   Q. Okay. It only relates to the breach of contract, right?
>
>   A. Correct.

Lorch Dep. pgs. 67 & 68.

>   A. My understanding of patent losses are that they have to be actual economic damages.
>
>   Q. Once a court enters an injunction, there are no future losses, are there?
>
>   A. If the injunction says don't sell them anymore, correct.
>
>   Q. Right. And that's why your report can't relate to patent damages, right, because it goes out to 2010?

A. It -- that would seem fair.  That wasn't -- that was beyond the scope of my involvement in the case, but --

Q. Why did you decide to limit your report to contract damages?

A. Based on the information that was -- that we had at the time the report was drafted, I wasn't asked to do any other sort of damage assessment.

Q. Okay, so you weren't asked to do a damage assessment with respect to the alleged trade disparagement, were you?

A. Not for the purposes of this report.

Q. Nor the alleged fraudulent misrepresentations, right?

A. Same answer.

Q. Nor the alleged statutory unfair competition right?

A. Same answer.

Q. Okay.  And you don't intend to, do you?

A. That's actually a question that would be more properly stated to Counsel, based on what the status of the discovery is currently.

Q. Okay.  Do you know what the status of discovery is?

A. No, I do not.

Q. You haven't been asked to render opinions as to damages on patent infringement, trade disparagement, statutory unfair competition, or fraudulent misrepresentation, right?

A. Not at this time.

Q. Okay.  So the answer is "yes," not at this time, correct?

A. Could you read back the question.

Q. I'll recite it.
   You haven't been asked to opine with respect to damages

>     on any cause of action other than breach of contract, right?
>
>     A.   At this time, that's correct.

Lorch Dep. pgs. 70 to 72.

How could anyone attending the above deposition think that Mr. Lorch was a damage expert as to patent damages? How could the plaintiff think it had designated a patent damage expert after hearing that testimony? If the defense had not filed the motion to exclude the damage report and testimony of Wayne D. Lorch (Doc. No. 59), and Mr. Lorch had been called as a witness at trial, what could he have said with reference to patent damages in view of the above deposition testimony?

The point I make is, it was not this Court's decision on May 20, 2006 granting Defendants' motion to exclude Lorch which first told the Plaintiff it did not have an expert as to patent damages, it was Mr. Lorch in his deposition of November 17, 2005 who told the Plaintiff it did not have an expert on patent damages.

Under Rule 16(b) the moving party must show that despite its diligence, it could not reasonably have met the scheduling order deadline. *Wyeth v. Teva Pharmaceuticals USA, Inc.,* 2005 U.S. Dist. LEXIS 40055 at * 9 (D.N.J.) (citation omitted); *see* 6A Wright, Miller, & Kane, *Federal Practice and Procedure:* Civil 2d § 1522.1, at p. 231 (1990). Rule 16(b)'s "'good cause' standard primarily considers the diligence of the party seeking the amendment . ... The focus of the inquiry is upon the moving party's reasons for seeking modification . ... If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

Agrizap has not made the required showing. Agrizap's failure to act until now is

due to a lack of diligence which precludes relief.  See *Johnson v. Mammoth Recreations, Inc.,* <u>supra</u>, 975 F.2d at 609 (carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief).

It cannot be said that this failure is harmless because the designation of a new expert would trigger a time consuming pretrial process.  A new expert report would have to be prepared and served.  This would have to be reviewed by the Defendants' expert and the possible deposition of the new expert.

For the foregoing reasons we enter the following Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGRIZAP, INC. | : | CIVIL ACTION |
| vs. | : | |
| WOODSTREAM CORP., et al. | : | NO. 04-3925 |

### **O R D E R**

**AND NOW,** this 9th day of January, 2007, upon consideration of the motion of Plaintiff Agrizap, Inc. to allow late designation of an expert on damages, (Doc. No. 107) and the opposition of Defendant Woodstream Corp. thereto, and all other pertinent matters of record, it is hereby **ORDERED** that the motion is **DENIED**.  It is further **ORDERED** that Agrizap is precluded from offering the testimony of Glenn Newman at the trial in this cause.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT  F. KELLY
SENIOR  JUDGE